UNION OIL COMPANY OF CALIFORNIA, APPELLANT, *v.*
CITY OF WORTHINGTON, APPELLEE.

[Cite as Union Oil Co. v. Worthington (1980),
62 Ohio St. 2d 263.]

(No. 79-868—Decided June 4, 1980.)

*Messrs. Smith & Tobin* and *Mr. Harrison W. Smith, Jr.,*
for appellant.

264

Messrs. *Gingher & Christensen,* Mr. *Michael E. Minister* and Mr. *Bradley Hummel,* for appellee.

*Per Curiam.* At issue in this cause is the future use of an undeveloped parcel of real property acquired by Union Oil in December 1966. The property is zoned "R-10, Low Density Residence," which, under the Worthington zoning system, limits the use of the property, in general, to single-family residential use. Union Oil desires to use its property as the site of a combination gasoline service station and car wash. In Worthington such a use is restricted to property zoned "C-4, Highway and Automotive Services."

Preliminarily, we address the city's argument that this cause has been rendered moot by the April 9, 1979, adoption of an ordinance rezoning Union Oil's property from the R-10 classification to the "C-3, Institutions and Offices" classification.

In Ohio, zoning legislation enacted subsequent to the filing of an application for a building permit does not affect the property owner's right to receive the permit. *Gibson* v. *Oberlin* (1960), 171 Ohio St. 1. The parties agree that, on March 5, 1979, prior to adoption of the rezoning ordinance, Union Oil filed an application for a building permit to construct a combination service station-car wash facility on its property. On that date the instant cause was pending in the Court of Appeals. In light of *Gibson* v. *Oberlin, supra,* we believe it is inappropriate to conclude that the subsequently adopted rezoning ordinance necessarily would determine Union Oil's right to receive the permit for which it applied. We believe that a justiciable controversy remains in existence between these parties which is properly susceptible to resolution in the form of a declaratory judgment.

In 1966, the city adopted a "Comprehensive Plan" as a generalized guide for future development in Worthington. The city council, however, as the legislative zoning authority, never rezoned the city as a whole to accord with the zoning suggestions of the plan. Council deferred consideration of rezoning until it had opportunity to act upon individual rezoning applications sought by property owners in connection with specific proposed uses of their parcels of property.

In an attempt to procure the zoning necessary to construct a gasoline service station-car wash, Union Oil applied to the Worthington City Council in 1967, 1968, 1971 and 1975 for rezoning of its property to the C-4 classification. Its applications were never approved. Thus, regardless of the fact that the character of the neighborhood changed significantly since its acquisition by Union Oil in 1966, becoming increasingly more commercial in nature, the property retained its R-10 classification.

This court has acknowledged that a property owner may bring a declaratory judgment action to challenge the constitutionality of existing zoning legislation as it applies to a specific parcel of property to proscribe the property owner's proposed use of the property. *Driscoll* v. *Austintown Associates* (1975), 42 Ohio St. 2d 263. In such an action the trial court has the power to grant affirmative or negative relief to terminate the controversy between the property owner and the zoning authority. R. C. 2721.02; 2721.03; 2721.06. This cause presents questions as to the nature of relief, if any, that a court may properly order in connection with a determination of unconstitutionality in such a declaratory judgment action.

Union Oil argues that by declaring existing zoning unconstitutional the court fulfills its responsibilities and should go no further and that, pending adoption of new zoning legislation, the property technically is "unzoned." The property owner thereafter presumably would be entitled to use the property for any legal purpose.

In *Ed Zaagman, Inc.,* v. *Kentwood* (1979), 406 Mich. 137, 277 N.W. 2d 475, the Supreme Court of Michigan noted in connection with such a line of reasoning, at page 168, that:

"* * * Although a technically logical position,* * * restricting the Court's declaratory powers in such an absolute manner may operate to produce a result neither generally prayed nor argued for by an aggrieved landowner and potentially incompatible with the orderly development of the general community or abutting parcels of property."

The Michigan court rejected as "impractical and inequitable" the theory that the court should do no more than adjudicate the unconstitutionality of the existing zoning of a specific parcel of property.

As did the Michigan court, we believe that a trial court should not terminate a declaratory judgment action so as to leave the property in an unzoned condition or afford the property owner complete freedom of choice as to the future use of his property. The trial court in this cause recognized the undesirability of leaving the Union Oil property "unzoned." Its response was to order the property rezoned to a different use classification within the Worthington zoning system, *i.e.,* C-3.

We agree with the Court of Appeals that the trial court's order was improper. When real property is rezoned from one use classification to another, any one of the several uses permitted under the new classification is legitimized. Where a court orders the use classification of property changed, uses may be authorized for which no evidence of reasonableness has been presented. The record clearly indicates that the city's preference for the parcel, were the R-10 classification to fail, was that it be zoned C-3, and it can be inferred that the trial court merely deferred to what it believed the city's wishes were in this cause. Nevertheless, we believe the trial court exceeded its proper judicial role in zoning matters in ordering the property rezoned to a substitute zoning classification. As the Court of Appeals noted:

"It is entirely probable that any given property could be zoned in any one of several classifications and that any one of the several classifications would survive a constitutional attack based upon the ground that the classification was unreasonable, arbitrary and confiscatory and not based upon health, safety, moral and welfare considerations***. The choice between various reasonable alternatives is best left to the legislative body, rather than being usurped by the judiciary."

Union Oil has been forced by the city's failure over a period of time to realistically zone the subject property to invest time and other resources in order to relieve its property from the burden of unconstitutional zoning restrictions. However, it does not necessarily follow from the fact that one zoning classification precluding service station use cannot be constitutionally applied, that the city of Worthington may not proscribe service station use of the property. We believe the city should be given an opportunity to rezone the property to a use classification with constitutional restrictions.

Thus, in a declaratory judgment action, upon finding existing zoning unconstitutional as applied to specific real property, the trial court should give notice to the zoning authority that, within a reasonable time certain, it may, at its option, rezone the property. Further notice should be given that, if the property is not rezoned within such period of time, the court will authorize the property owner to proceed with the proposed use if, on the basis of the evidence before it, the court determines the proposed use to be reasonable. The court may enjoin the property owner from seeking a building permit, establishing a nonconforming use or otherwise changing the *status quo* during the interim. If necessary, the court may conduct further proceedings, including the hearing of additional evidence, to determine whether the new zoning restrictions may constitutionally proscribe the owner's proposed use.

In the event the zoning authority either fails to rezone or fails to rezone the property in a constitutionally permissible manner, the court shall examine the reasonableness of the proposed use, and, upon finding that use to be reasonable, enjoin the city from interfering with it.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, KERNS, SWEENEY, LOCHER and HOLMES, JJ., concur.

KERNS, J., of the Second Appellate District, sitting for P. BROWN, J.