**W.O. Brisben Co.
v. Montgomery**
*[Cite as 8 AOA 16]*

*Case No. C-890502
Hamilton County, (1st)
Decided December 12, 1990*

*Joseph L. Trauth, Jr., Keating, Muething & Klekamp, 1800 Provident Tower, One East Fourth Street, Cincinnati, Ohio 45202, for Plaintiffs-Appellees.*

*William B. Singer, Schwartz, Manes & Ruby, 2900 Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202, for Defendant-Appellant.*

*Per Curiam.*

Plaintiffs-appellees J. Julian Bowman and Edith C. Bowman own approximately 7.764 acres of undeveloped land located in the southeast quadrant of the I-71 and Glendale-Milford/Pfeiffer Road interchange in the city of Montgomery. The southwest quadrant of the interchange contains a Ramada Inn, a Sohio service station and Ursuline Academy. In the northwest quadrant lies a Red Roof Inn and the Montgomery Swim Club.[1] To the northeast is Storybook Acres Subdivision.

The Bowman property is zoned "A" Residence under the Montgomery Zoning Code, which permits the construction of single family residences with a minimum lot size of 20,000 feet. The entire western boundary of the property abuts northbound I-71 and the I-71/Glendale-Milford/Pfeiffer Road exit ramp. "The Winds," a residential subdivision, bounds the property on the south and east. The property is bounded on the north by Glendale-Milford/Pfeiffer Road. There are three existing residences on the Glendale-Milford/Pfeiffer Road frontage of the property. Appellee W. O. Brisben Company (Brisben) has an option to purchase the property for $450,000, contingent upon the Bowmans obtaining a zone change. Brisben has also executed purchase contracts for two of the three residential lots fronting on Glendale-Milford/Pfeiffer Road.

Appellees applied for a zone change which would allow the construction of a hotel and office complex on the Bowman property. Appellant denied the application. Appellees filed the within complaint for declaratory judgment requesting that the "A" Residence zoning of the Bowman property be declared unconstitutional. Subsequently, appellees submitted plans for the construction of a 222,300-square-foot office building on the property.

Shortly after the commencement of this lawsuit, appellant amended its zoning ordinance to provide for a "PD (planned development) Overlay" zoning district, which would permit specific proposed developments if the density requirements, permitted uses and corresponding height limitations, and project perimeter and set-back requirements of the underlying zoning district were maintained. Further, appellant passed an emergency resolution which set forth the following restrictive conditions for the development of the Bowman property:

"(1) Site development is undertaken in a manner that encourages maximum forest preservation along the perimeter of the site;

"(2) Access is obtained by and restricted to the use of Windzag Lane;

"(3) The creeks traversing the property are preserved in their natural states and their banks are undisturbed;

"(4) Slopes of twenty degrees (20) or greater are not regraded; and

"(5) Homes of a value equal to or greater than those immediately surrounding the site are constructed."

The restrictions did not apply to any other property in Montgomery zoned "A" Residence.

Following a lengthy trial, the trial court found the "A" Residence zoning to be unconstitutional and gave appellant forty-five days in which to rezone the property. Further, the court found that appellees' proposed 222,300-square-foot office building was a reasonable use for the property, authorizing appellees to proceed with the office building in the event that appellant failed to rezone the property within forty-five days. Appellant filed a motion for a new trial which the trial court overruled. Because appellant failed to rezone the property within forty-five days, the trial court entered an order permitting appellees to proceed with the office building. The court issued findings of fact and conclusions of law pursuant to appellant's request. Appellant timely appealed.

Appellant raises seven assignments of error for our review. Appellant's second, fourth, fifth, sixth and seventh assignments of error essentially allege that the trial court's judgment was against the weight and sufficiency of the evidence, stating:

"The trial court erred in finding that Brisben's proposed use for the subject property was reasonable;

"The trial court exceeded the permissible bounds of judicial review of zoning legislation by making the essentially legislative judgment that, because of expressway traffic noise, the subject property was unsuitable for residential development;

"The trial court's findings of fact regarding expressway noise are not supported, beyond fair debate, by competent, credible, relevant evidence;

"The trial court's conclusion of law that "A" Residence zoning of the Bowman site does not substantially advance a legitimate government interest, nor promote the health, safety and welfare of the citizens of Montgomery is not supported by competent, credible evidence in the record, beyond fair debate, with respect to land use suitability;

"The trial court's finding that 'It is economically infeasible to develop the Bowman property under the existing "A" Residence zoning regulations, Montgomery's PD overlay Ordinance and all variations permitted thereunder,' is not supported, beyond fair debate, by competent, credible evidence."

In order to establish the unconstitutionality of the "A" residence zoning as applied to the Bowman property, appellees had to demonstrate beyond fair debate that the zoning classification was unreasonable, and not necessary to the health, safety and welfare of the citizens of Montgomery. *Karches v. Cincinnati* (1988), 38 Ohio St. 3d 12, 526 N.E.2d 1350; *Mayfield-Dorsh, Inc. v. South Euclid* (1981), 68 Ohio St. 2d 156, 429 N.E.2d 159. Further, appellees had to show that the zoning ordinance denied them the economic viability of their land without substantially advancing a legitimate government interest. *Karches v. Cincinnati, supra.*

The trial court found it beyond fair debate that the "A" Residence zoning as applied to appellees' property was unreasonable, arbitrary and confiscatory; had no substantial relation to the health, safety or general welfare of the citizens of Montgomery; and denied appellees the right to use their property in an economically feasible manner.

The evidence presented showed that the property would be considerably more valuable if it were rezoned to allow appellees' proposed use. While this evidence alone does not render the zoning ordinance unconstitutional, it is a relevant factor for the court to consider. *C. Miller Chevrolet v. Willoughby Hills* (1974), 38 Ohio St. 2d 298, 313 N.E.2d 400; *Bill Knapp's Properties, Inc. v. MacNab* (Aug. 8, 1979), Hamilton App. Nos. C-780333 and 780334, unreported. The Bowman property had been placed on the market, but no one had expressed an interest in developing the property for residential use.

Substantial evidence was adduced that it would be economically infeasible to develop the Bowman property for residential use. The property is wooded, has a rugged fifty-foot drop from its high point to its low point, and is transected by a stormsewer pipe eight feet in diameter and a creek. These features make the development of single-family residences on the property prohibitively costly. Further, the evidence demonstrated that it would be extremely impractical to develop the property for residential use because it is located on an expressway interchange with the resulting noise and problems with high-intensity lighting. There was also evidence that the proposed office building would have little impact from an environmental or value standpoint on neighboring properties, and that the office complex would create a buffer zone between the existing residences and the expressway interchange.

The evidence, although not completely uncontradicted, was sufficient to support the trial court's finding that the zoning ordinance was unreasonable and confiscatory and did not have a reasonable relation to the public health, safety or welfare. We hold the trial court did not err in finding the "A" Residence zoning unconstitutional as applied to the Bowman property.

Appellant also argues under the fifth assignment of error that the trial court erred in using impressions gained from his views of the premises as evidence. Specifically, appellant complains of statements by the court that during his visits to the property he found it to be noisy. We hold that any error which may have been committed by the trial court was harmless in light of the overwhelming evidence of the noise levels on the Bowman property.

Appellant's second, fourth, fifth, sixth and seventh assignments of error are overruled.

Appellant's third assignment of error alleges:

"The trial court erred by ordering illegal 'spot zoning' of the subject property."

Appellant's third assignment of error is overruled because the record does not support appellant's contention that the trial court treated the Bowman property differently than surrounding land similar in character.

For its first assignment of error appellant alleges:

"The trial court erred in finding that 'no residential zoning or residential development of any type is reasonable with regard to the subject property' without receiving evidence on the appropriateness and viability of intermediate residential uses, thereby foreclosing the legislative discretion reserved to the municipality under *Union Oil Company v. Worthington* (1980), 62 Ohio St. 2d 263, 405 N.E.2d 277."

Appellant argues that because the declaratory-judgment action was limited to the issue of the constitutionality of the "A" Residence zoning, the trial court went beyond the permissible scope of its judgment in holding that no residential zoning or development of any type was reasonable with regard to the Bowman property.

The trial court's judgment entry of May 5, 1989, states:

"The evidence adduced at trial establishes that it is beyond the reach of fair debate that none of the Residence "A" uses are economically feasible on the Bowman site and that no residential zoning or residential development of any type is reasonable with regard to the subject property."

The trial court specifically held that "A" Residence zoning was unconstitutional as applied to the Bowman property. The court's statement that all residential zoning of the Bowman property was unreasonable was not essential to the determination of the constitutionality of the "A" Residence zoning. We hold the trial court properly found the "A" Residence zoning to be unconstitutional, giving appellant forty-five days to rezone the property pursuant to *Union Oil Company v. Worthington, supra.* Further, the trial court properly found appellees' proposed office building to be a reasonable use and notified appellant that appellees would be permitted to proceed with the proposed use if appellant did not rezone the property within forty-five days. However, the trial court exceeded the permissible scope of its judgment in holding that no residential zoning or development of any type was reasonable with regard to the Bowman property. The only issue before the court was the constitutionality of the

Residence "A" zoning.[2] The trial court's holding as to other types of residential zoning effectively precluded appellant from presenting evidence as to the constitutionality of Residence "B," "C" and "D" zoning.

The trial court's judgment entry of May 5, 1989, is modified to strike the words "and that no residential zoning or residential development of any type is reasonable with regard to the subject property." The May 5, 1989 judgment entry is affirmed in all other respects. The trial court's order of July 13, 1989, permitting appellees to proceed with the proposed office building and enjoining appellant from interfering with the development of the office building, is reversed. The cause is remanded to the trial court with instructions to give appellant forty-five days in which to rezone the property in a constitutional manner. In the event that appellant fails to rezone the property, or fails to rezone it in a constitutionally permissible manner within forty-five days, the court may then enter an order permitting appellees to proceed with the proposed office building which the trial court has found to be a reasonable use for the property.

The judgment of the trial court is affirmed in part as modified and reversed in part, and this cause is remanded for further proceedings consistent with law and this Decision.

UTZ, P.J., SHANNON and GORMAN, J.J.

---

[1] On August 3, 1988, appellant rezoned the entire 16.5 acres of the Montgomery Swim Club from "A" Residence to "O" Office without a pre-approved plan.

[2] We note that during the trial the court refused to admit evidence relating to the other residential zoning classifications.