DECISION
The above cause is before the court pursuant to a complaint seeking a writ of mandamus filed by counsel for relator, Chris Neary dba American Outdoor Advertising, on January 4, 1997, a motion for summary judgment filed by counsel for respondent, the Warren County, Ohio, Board of Commissioners, on February 3, 1998, and a cross-motion for summary judgment filed by counsel for relator on March 12, 1998. Respondent filed supplements to its motion for summary judgment on March 13, 1998 and April 6, 1998. Relator filed a memorandum in opposition and motion to strike the April 6, 1998 supplement on April 17, 1998. The motion to strike is hereby denied.
The facts are not in dispute. Relator, who is the sole proprietor of American Outdoor Advertising, a company engaged in the business of erecting, constructing and maintaining outdoor advertising, submitted an application and all other materials, including the appropriate application fee, to the Warren County Zoning Department to secure a building permit, zoning certificate and all other documents required for relator to lawfully construct, erect and maintain an outdoor advertising sign in Warren County, Ohio.[1] On November 4, 1997, the day relator submitted the zoning permit application referred to above, a majority of the Deerfield Township electors approved proposed Deerfield Township Zoning Regulations. The election results were certified by the Warren County Board of Elections on November 18, 1997.[2]
On November 7, 1997, due to the approval and impending certification of the proposed Deerfield Township zoning regulations, the Warren County Chief Zoning Inspector returned all the materials filed by relator, including the application fee, and advised relator that Deerfield Township, not Warren County, had jurisdiction over relator's application. In a letter which accompanied the returned materials, the chief zoning inspector stated that on November 6, 1997, he and "the County Commissioner's [sic], Mike Powell, Assistant Prosecutor, Robert Price, County Administrator, * * * and Robert Craig, Director of Planning" had a meeting and decided that "the County would not hear or make any decisions [on zoning in Deerfield Township] after November 18, 1997, as the County would not have any jurisdiction."
The basis for the asserted lack of jurisdiction was that the Warren County Rural Zoning Code requires, with certain exceptions inapplicable here, that no structure can be commenced without an approved site plan and, according to the zoning code, site plans must be submitted to the Warren County Zoning Inspector at least fifteen days prior to the next meeting of the Warren County Commission. Warren Rural Zoning Code Section 5.14(A)(1), (B)(2), (B)(3). According to the November 7, 1997 letter from the chief zoning inspector, "[t]his would put the meeting date on the 21st of November, 1997 [after the impending certification of the Deerfield Township Zoning Resolution on November 18, 1997] and the Commissioner's [sic] would not have any jurisdiction."
On or about November 15, 1997, relator filed a similar application for a zoning permit with the Deerfield Township Zoning Department. The application was accepted for review, but could not be processed due to missing documents.[3] On January 6, 1998, relator filed the subject petition for writ of mandamus seeking to compel respondent to issue the appropriate building permit, zoning certificate, and all other necessary documents to enable him to construct, erect and maintain the sign pursuant to the Warren County Rural Zoning Code.
The purpose of a writ of mandamus is to compel the performance of an act which the law specifically requires to be performed as a duty resulting from an office, trust, or station. State ex rel. Williams v. Brown (1977), 52 Ohio St.2d 13. In order to establish a right to a writ of mandamus, a relator must demonstrate (1) a clear legal right to the relief prayed for, (2) that the respondent is under a clear legal duty to perform the requested act, and (3) that relator has no plain and adequate remedy in the ordinary course of law. State ex rel. Karmasu v. Tate (1992),83 Ohio App.3d 199. Mandamus is not a substitute for appeal, State ex rel. Casey v. Court of Appeals (1972), 29 Ohio St.2d 90, and is not available where there is a plain and adequate remedy in the course of law. Lippert v. Engle (1977), 52 Ohio St.2d 67.
Both parties have filed motions for summary judgment. Pursuant to Civ.R. 56(C), a court may grant summary judgment if it finds (1) no genuine issue as to any material fact remains to be litigated; (2) that the moving party is entitled to judgment as a matter of law, and (3) that it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317. A party opposing a motion for summary judgment cannot merely rest on the allegations contained in its pleadings, but must set forth sufficient evidence showing there is a genuine issue of material fact requiring trial. Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 250, 106 S.Ct. 2505, 2511. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. Id. at 248, 106 S.Ct. at 2510.
In support of his motion for summary judgment, relator contends that because he filed his application before the Deerfield Township Zoning Regulations were approved by the electorate and before the election results were certified, his application should have been considered under the Warren County Rural Zoning Code. Respondent argues that even if the application was filed before the Deerfield Township Zoning Regulations took effect, the Warren County Rural Zoning Code requires site plans to be submitted at least fifteen days prior to the next meeting of the Warren County Commission, and that meeting would not have occurred until after the Deerfield Township Zoning Regulations were certified and in effect. Respondent also argues that relator has an adequate remedy at law because (1) he could have appealed respondent's decision to not consider the application to the Warren County Board of Zoning Appeals, and (2) he is able to submit his application to the Deerfield Township Zoning Commission.
The law in Ohio is that issuance of a building permit is governed by the law in effect at the time of the application for such permit. Gibson v. City of Oberland (1960), 171 Ohio St. 1. See, also, Union Oil Co. of California v. City of Worthington (1980),62 Ohio St.2d 263. We have not found, and respondent has not submitted, any authority to the contrary. Further, we see no reason why this rule should not apply to the other components of relator's application. It is clear from the record that relator's application was complete by November 6, 1997, and that relator could have taken no further action by himself in support of his application. The fact that the Warren County Rural Zoning Code requires applications to be submitted at least fifteen working days prior to the meeting of the Warren County Board of Commissioners where approval is sought does not affect the date the application was filed. As the Deerfield Township Zoning Code was not certified by the Board of Elections and in effect until November 18, 1997, well after relator's completed application was submitted to the Warren County Zoning Department, we conclude that relator's application should have been considered by respondent.
We find respondent's arguments that relator has an adequate remedy at law to be without merit. R.C. 303.14(A) and Warren County Rural Zoning Code Section 26.01 both contemplate that an appeal to the Board of Zoning Appeals may be filed from an adverse zoning determination. However, in this case no zoning determination was made; respondent refused to make a determination and asserted lack of jurisdiction. Therefore, appeal to the Board of Zoning Appeals is not an adequate remedy at law.
Respondent's contention that relator has an adequate remedy at law because he can submit an application to the Deerfield Township Zoning Commission is also without merit. As stated above, relator filed an application with the Warren County Rural Zoning Board before the Deerfield Township Zoning Code became effective and is therefore entitled to have his application considered. Further, it is likely that relator's application would be denied under the Deerfield Township Zoning Regulations, but meets the requirements of the Warren County Rural Zoning Code.
Based upon the foregoing, the court finds that reasonable minds could reach only one conclusion in this case, and that is that respondent has a duty to consider the application filed by relator with the Warren County Zoning Department. Accordingly, relator's motion for summary judgment is hereby granted, and respondent's motion for summary judgment is denied. Respondent is instructed to consider the application submitted by relator which was returned to relator by the Warren County Chief Zoning Inspector on or about November 7, 1997. Relator may re-submit the application, together with the appropriate fee, within sixty days of the date that this memorandum decision and judgment entry was filed.
R.C. 3731.11 states that in a proceeding for writ of mandamus, the relator may recover the damages which he has sustained as in a civil action, and costs. As relator's application has not been considered by respondent at this time, the issue of damages is premature. After the application is considered and action taken by respondent, relator may petition this court for damages, if appropriate.
POWELL, P.J., KOEHLER and WALSH, JJ., concur.
[1] The record indicates that relator submitted a zoning permit application on November 4, 1997 and a site plan review application on November 6, 1997. The check for the $350 application fee was dated November 5, 1997.
[2] Zoning resolutions shall take immediate effect upon certification by the board of elections. R.C. 519.11.
[3] Apparently, relator's application could have been granted under the Warren County Rural Zoning Code but would have been denied under the Deerfield Township Zoning Regulations.
[4] As relief, relator requests that this court issue an order "compelling [respondent] and its agents * * * to issue all appropriate building permits, zoning certificates, or other official documents necessary to permit construction, erection and maintenance of the outdoor advertising sign * * *." However, the Warren County Rural Zoning Code requires that all site plans be submitted to respondent for approval. Warren County Rural Zoning Code Section 5.14(B). Therefore, the appropriate order is to direct respondent to consider relator's application.