DECISION
Billy L. Workman, Jr., appellant, appeals a judgment of the Franklin County Court of Common Pleas, which rendered a decision in favor of appellee, the Franklin County District Board of Health ("the board"), to deny a request for a variance filed by appellant.
On September 3, 1999, appellant submitted a request to the board for a variance in relation to property he purchased. A house located on the property contained a potentially bad water system and was serviced by an outhouse. Appellant wanted to tear down the existing house, erect a manufactured home on the site, and install a household sewage disposal system and water well on the property.
Appellant requested a variance of Franklin County Board of Health Regulation ("Health Reg.") 701.02(I), which states:
 On all lots requiring both an individual water supply and a household sewage disposal system to be installed, a minimum land area of 40,000 sq. ft. will be required. Only those lots created by regulations, procedures, and policies established by the Mid-Ohio Regional Planning Commission at the time of their creation will be exempt from the 40,000 sq. ft. requirement.
Appellant requested a variance because his lot measures approximately 5,850 square feet, and thus, does not comply with the 40,000 square foot requirement. Appellant stated in his application that "[a]dherence to the applicable regulation would be an unnecessary and unusual hardship due to the fact that I would be forced to use the existing outdated sewage disposal system."
The board notified appellant by letter that it would consider appellant's request at a meeting held on September 14, 1999. The letter stated that appellant "and/or your legal representative are invited and encouraged to attend." At the meeting, James Lynch, a water and wastewater program advisor to the board, recommended that appellant's request for a variance be denied. Lynch stated:
 What this is is a size variance. This gentleman bought a lot with an existing house on it. He was proposing to tear down the house. Then he put a manufactured home on the site. The site currently has an outhouse. That's part of the reason the people left. They also have a potentially bad water system in the house. They never had plumbing so there's no wastewater problems technically. MORPC [the Mid-Ohio Regional Planning Commission] did approve the previous owners for a new well. But then these people moved out basically. These new owners don't qualify under the MORPC program for a free well. They're going to have to drill another well.
The board voted 3-0 in favor of denying appellant's request. The board's decision to deny the variance was confirmed in a letter to appellant stating the "board did not believe that the granting of this variance would be to the best interest of the public."
Appellant filed an appeal of the board's decision with the trial court pursuant to R.C. 119.12. Appellant argued before the trial court that the board's decision should be overturned because: (1) the board failed to state reasons for the denial of the variance, and (2) the board violated the Equal Protection Clause of the Ohio Constitution because the board had granted similar requests in the past. The trial court affirmed the board's decision, finding that the evidence presented supported the denial of appellant's request. Appellant claims he was denied equal protection because some of his neighbors were granted similar variances although evidence of such was not presented to the board, and no motion for presentation of additional evidence was made pursuant to R.C. 2506.03. Appellant appeals this decision and presents the following three assignments of error:
 I. THE TRIAL COURT ERRED BY FINDING THAT THERE WAS A PREPONDERANCE OF RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE IN THE RECORD TO SUPPORT THE DECISION OF THE FRANKLIN COUNTY DISTRICT BOARD OF HEALTH DENYING APPELLENT'S [sic] REQUEST FOR A VARIANCE FOR A HOUSE HOLD SEWAGE DISPOSAL SYSTEM.
 II. THE TRIAL COURT ERRED BY FAILING TO SET AN EVIDENTIARY HEARING, PURSUANT TO SECTION 2506.03, O.R.C., WHERE THE TRANSCRIPT OF THE FRANKLIN COUNTY DISTRICT BOARD OF HEALTH WAS FACIALLY DEFECTIVE.
 III. THE FRANKLIN COUNTY DISTRICT BOARD OF HEALTH HAS FAILED TO PROVIDE THE APPELLANT WITH EQUAL PROTECTION OF THE LAW, IN VIOLATION OF THE CONSTITUTION OF THE STATE OF OHIO.
Appellant argues in his first assignment of error that the trial court's opinion was not supported by a preponderance of reliable, probative, and substantial evidence. Appellant claims that the denial of his request for a variance was unsupported by fact or law.
The standard of review for the court of common pleas of an administrative appeal is recognized in R.C. 119.12, which states in part:
* * *
 The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law.
"The standard of review to be applied by the court of appeals in an R.C.2506.04 appeal is 'more limited in scope.'" (Emphasis sic.) Henley v.City of Youngstown Bd. of Zoning Appeals (2000), 90 Ohio St.3d 142, 147, quoting Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34. "The standard of review for appellate courts is whether the common pleas court abused its discretion in finding that the administrative order was or was not supported by reliable, probative and substantial evidence." Ashland v.Gene's Citgo, Inc. (Apr. 20, 2000), Franklin App. No. 99AP-938, unreported. The common pleas court is restricted to determining whether an administrative agency's decision "was supported by reliable, probative, and substantial evidence, and was in accordance with law, and the further appeal to the court of appeals [is] limited to a determination of whether the common pleas court had abused its discretion." State ex rel. Baker v. State Personnel Bd. of Review
(1999), 85 Ohio St.3d 640, 643.
 "In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion '" * * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency."' Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment." Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707, quoting Lorain City Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 260-261. (Citations omitted.)
A variance authorizes a landowner to establish or maintain a use which is prohibited by zoning regulations. Nunamaker v. Bd. of Zoning Appeals
(1982), 2 Ohio St.3d 115, 118.
 A variance is intended to permit amelioration of strict compliance of the zoning ordinance in individual cases. It is designed to afford protection and relief against unjust invasions of private property rights and to provide a flexible procedure for the protection of constitutional rights. Consolidated Mgmt., Inc. v. Cleveland (1983), 6 Ohio St.3d 238, 240.
The right of an individual to use and enjoy his private property is not unbridled but is subject to the legitimate exercise of the local police power. Hudson v. Albrecht, Inc. (1984), 9 Ohio St.3d 69, 72. The enactment of zoning ordinances is an exercise of police power and not an exercise of local self-government. Sheffield v. Rowland (1999),87 Ohio St.3d 9, 10. The enactment of zoning regulations is a legislative function outside the power of the judiciary. Blue Stone Sand Gravel v. Mantua Twp. Zoning Bd. of Appeals (1998), 127 Ohio App.3d 37,44.
The purpose of a zoning ordinance is to limit the use of land in the interest of public welfare. Smith v. Juillerat (1954), 161 Ohio St. 424, paragraph two of the syllabus. According to the Fifth Amendment to the United States Constitution, the legislature's power to enact zoning regulations is not unrestrained because the legislature must comply with the constitutional provision that no person may "be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." In order to avoid conflict with due process principles, "a zoning ordinance must be general in its application, the classification as to which the property may be devoted must be reasonable, and the pre-existing vested rights must be recognized and protected." Negin v. Bd. of Bldg. and ZoningAppeals (1982), 69 Ohio St.2d 492, 495, following Smith, supra.
A strong presumption exists in favor of the validity of a zoning ordinance. Sullivan v. City of Eastlake Bd. of Zoning Appeals (Dec. 13, 1996), Lake App. No. 95-L-107, unreported. Therefore, it is the landowner who has the burden of proving whether he or she will encounter "practical difficulties" or an "unnecessary hardship" requiring the administrative body to grant a variance. Burkholder v. Twinsburgh Twp.Bd. of Zoning Appeals (1997), 122 Ohio App.3d 339, 344; Duffy v. Bd. ofBldg. and Zoning Appeals (Aug. 21, 1992), Lake App. No. 91-L-068, unreported.
The Ohio Supreme Court has divided variance requests into two types: "use" and "area" with different standards applying to each. Kisil,supra, at 35. "[A] use variance arises when a board of zoning appeals allows property to be used in a way that is not expressly or implicitly permitted by the relevant zoning code." Fisher-Yan v. Mason (Sept. 22, 2000), Geauga App. No. 99-G-2224, unreported. The "unnecessary hardship" standard is normally applied in use variance cases. Duncan v.Middlefield (1986), 23 Ohio St.3d 83, 86, certiorari denied (1986),479 U.S. 986, 107 S.Ct. 576.
An area variance allows for the development of property in a manner which is generally not permitted by the applicable zoning regulations governing the particular zoned area, provided that the circumstances surrounding the development of the property satisfy certain standards.Battaglia v. Newbury Twp. Bd. of Zoning Appeals (Dec. 8, 2000), Geauga App. No. 99-G-2256, unreported. The Ohio Supreme Court has stated concerning area variances:
 The standard for granting a variance which relates solely to area requirements should be a lesser standard than that applied to variances which relate to use. An application for an area variance need not establish unnecessary hardship; it is sufficient that the application show practical difficulties. Kisil, at syllabus.
A property owner encounters "practical difficulties" whenever an area zoning requirement unreasonably deprives the owner of a permitted use of the property. Duncan, supra.
In the present case, a review of Health Reg. 701.02(I) demonstrates that compliance with the regulation is dependent upon the size of the lot or approval by the Mid-Ohio Regional Planning Commission. A property owner is allowed to install both an individual water supply and a household sewage disposal system if the property owner satisfies certain standards. Therefore, appellant's variance request was a request for an area variance because he sought to develop his "property in a manner that would not fully comply with the * * * requirement[s] established" in Health Reg. 701.02(I). See Fisher-Yan.
The Ohio Supreme Court has outlined seven factors to be considered and weighed in determining whether a property owner seeking an area variance has encountered "practical difficulties":
 (1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance;
(2) whether the variance is substantial;
 (3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance;
 (4) whether the variance would adversely affect the delivery of governmental services (e.g., water, sewer, garbage);
 (5) whether the property owner purchased the property with knowledge of the zoning restriction;
 (6) whether the property owner's predicament feasibly can be obviated through some method other than a variance;
 (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance. Duncan, at syllabus.
In his application for a variance, appellant argued the reason why his request should be granted was that "[a]dherence to the applicable regulation would be an unnecessary and unusual hardship due to the fact that I would be forced to use the existing outdated sewage disposal system." Appellant also argued that updating the sewage system "would be beneficial to the public interest by promoting and protecting the health and safety of the people." However, appellant failed to provide any evidence or reasons to support his assertion. At his hearing before the board, appellant argued that his variance request should be approved because "most of the houses in that area [have] already been approved for updating their systems under the same circumstances." No additional evidence was submitted to the trial court pursuant to R.C. 2506.03.
A review of the evidence presented by appellant shows appellant failed to meet his burden to demonstrate that the board should grant his request. Appellant's interest in a variance apparently was based upon his desire to have a new sewage disposal system and a new well, and not just out of necessity.
Additionally, a review of the evidence does not support a finding that the board was required to grant appellant a variance. Appellant purchased the property knowing about the zoning restrictions. James Lynch, a water and wastewater program advisor to the board, stated during the hearing that he did not support the granting of appellant's request. Lynch said that in order to allow a system similar to the system appellant proposed, they were "requiring basically one acre as we do throughout the whole county." Lynch also stated he told appellant that if he tore down the house that was on the property, "you lose the grandfather clause and then you have to go before the board with a variance on the lot size." One of the board members acknowledged that variances had been granted for "some existing homes if there's a hardship thing," but then stated that "[t]his is not a hardship because it's certainly not forcing somebody to move out of a home or something because it's already vacated." The variance from the existing restrictions could also be characterized as "substantial" because the required property size needed to comply with Health Reg. 701.02(I) is almost seven times larger than the size of appellant's property.
After having reviewed the record, we find that reliable, probative, and substantial evidence supports the trial court's finding that appellant failed to prove the board was required to grant his variance request based upon practical difficulties. Accordingly, appellant's first assignment of error is overruled.
Appellant argues in his second assignment of error that the trial court was required to hold an evidentiary hearing pursuant to R.C. 2506.03. The purpose of R.C. 2506.03 is to allow "the trial court to conduct an evidentiary hearing to `fill in the gaps' [if] the transcript is deficient or incomplete." Eckmeyer v. Kent City School Dist. Bd. ofEdn. (Nov. 3, 2000), Lake App. No. 99-P-0117, unreported. Otherwise, the trial court "shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code." R.C. 2506.03(A). The error alleged by appellant was that testimony at the hearing before the board was not given under oath, contrary to the requirements of R.C.2506.03(A)(3).
A review of the record shows appellant did not object to the admission of the unsworn testimony. "[T]he Ohio Supreme Court has repeatedly held that where there is no objection to the admission of unsworn testimony at an administrative hearing, the error of allowing the evidence is waived and no additional evidence should be taken by the trial court in an appeal pursuant to R.C. Chapter 2506." Kandell v. City Council of Kent
(Aug. 2, 1991), Portage App. No. 90-P-2255, unreported, following StoresRealty Co. v. Cleveland (1975), 41 Ohio St.2d 41. In a case similar to the present case, an appellate court stated the following:
 In the instant case it was error for the Board of Zoning Appeals not to swear witnesses and not to permit examination and cross-examination of witnesses. However, inasmuch as the Krusinskis did not object to the Board's failure to swear witnesses or raise the issue of examination or cross-examination during the proceedings before the Board, they waived their right to claim these errors in an appeal to the Common Pleas Court under R.C. Chapter 2506 and subsequently to this court. Zurow v. Cleveland (1978), 61 Ohio App.2d 14, 24.
Therefore, we hold that the trial court did not err when it did not suasponte order additional evidence pursuant to R.C. 2506.03 because appellant waived the right to present additional evidence when before the board, he failed to object to the admission of unsworn testimony.[1]
Appellant's second assignment of error is overruled.
Appellant argues in his third assignment of error that the board failed to provide him with equal protection of law. Appellant's argument is based upon the premise that "similar properties received aeration systems." However, as the trial court properly noted, appellant presented no specific evidence that similar properties were granted variances. Instead, the record shows the properties that received variances were not similar to appellant's property. For example, Lynch stated the properties that were allowed to update their sewage system were on "existing houses, that they don't have room for a new leachbed so we allowed aeration systems to be installed provided the township approves it." Appellant's circumstances were different because he was attempting to tear down the existing house and replace it with a manufactured house.
The philosophy behind "grandfather" clauses is that "[o]wners are permitted to continue a nonconforming use based on the recognition that one should not be deprived of a substantial investment which existed prior to the enactment of the zoning resolution." Beck v. SpringfieldTwp. Bd. of Zoning Appeals (1993), 88 Ohio App.3d 443, 446; Jackson Twp.Bd. of Trustees v. Donrey Outdoor Advertising Co. (Sept. 21, 1999), Franklin App. No. 98AP-1326, unreported. Therefore, appellant cannot claim that he was deprived equal protection of the law because he failed to establish that he was treated unequally. Appellant's third assignment of error is overruled.
Accordingly, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 __________ BROWN, J.
TYACK and LAZARUS, JJ., concur.
[1] We also note that appellant has failed to make an argument that any of the evidence presented before the board was inaccurate because it was unsworn testimony.