{¶ 14} I concur with the majority opinion. While the zoning efforts of Parkman Township's officials to protect the aesthetics of the community are laudable, such efforts must comport with constitutional standards. Since appellant did not appeal the trial court's judgment with respect to the constitutionality of Section 702.0(6) of the township's zoning resolution, that judgment is not before us in this appeal. Appellant's decision not to pursue that issue on appeal limits our review to whether the trial court properly granted declaratory relief to appellees. As so presented, the majority's analysis and conclusion is correct.
 {¶ 15} As a tangential matter, however, the trial court ordered Parkman Township to create a constitutional zoning standard for outdoor advertising and issued an order prohibiting any other party from using outdoor advertising in the township until such new zoning standards were adopted, excepting Genesis from that order. These orders exceeded the authority of the trial court. A common pleas court has the authority to declare a zoning provision unconstitutional, but it does not have the power to order a legislative body to enact a specific zoning ordinance or resolution. Union Oil Co. v. Worthington (1980), 62 Ohio St.2d 263. Indeed, if the court finds that a subsequent municipal zoning action still is unconstitutional, the court's powers are limited to enjoining the municipality from preventing a landowner's reasonable use of his or her property. Id. Ordering a legislative body to create or adopt a zoning restriction violates the separation of powers doctrine. Parkwood Place,LTD. v. Cuyahoga Cty. Bd. of Elections, 8th Dist. No. 80424, 2002-Ohio-3439, 2002 Ohio App. LEXIS 3577.
 {¶ 16} Likewise, a common pleas court does not have the power to impose a judicially ordered zoning moratorium on outdoor advertising use. Such zoning moratorium authority, to the extent constitutional, rests with the appropriate legislative body. Tahoe-Sierra PreservationCouncil, Inc. v. Tahoe Regional Planning Agency (2002), 535 U.S. 302.
 {¶ 17} The trial court's overreaching orders in this case do not change the outcome of this appeal. However, our affirmation of the lower court's ruling should not be taken as an imprimatur of the court's overextension of its authority in a zoning challenge.
 {¶ 18} With this admonition in mind, I concur with the majority that the judgment of the trial court should be affirmed.