THE STATE, EX REL. HUMBLE OIL & REFINING CO., APPELLEE, *v.* CITY OF MARION ET AL., APPELLANTS.
THE STATE, EX REL. THE STANDARD OIL CO. (OHIO) ET AL., APPELLEES, *v.* CITY OF MARION ET AL., APPELLANTS.

[Cite as State, ex rel. Humble Oil & Refining Co., v. City of Marion, 4 Ohio App. 2d 178.]

(Nos. 1174 and 1175—Decided November 10, 1965.)

*Messrs. Wiedemann & Wiedemann,* for appellees.
*Mr. Eugene A. Yazel,* city solicitor, for appellants.

GUERNSEY, J.  These two appeals are prosecuted by the respondent city of Marion, its Mayor and Clerk, from judgments in actions in mandamus filed originally in the Common Pleas Court of Marion County.  As they involve similar facts and identical issues, the actions were heard together in the trial court as were the appeals in this court.

It appears that the properties involved in these actions were limted to residential use by the literal provisions of zoning ordinances of the city, and that the relators had filed applications to have them rezoned for gasoline service station use. These applications received approval of the city planning commission, but the city council refused to adopt the ordinance presented by relators to rezone the properties for such use.  It further appears that following such refusal relators made application to the city clerk for permits to construct gasoline service stations on their respective properties but that such permits were denied for the assigned reason that the properties were not zoned for such use.

Provision is also made by ordinance for the planning commission, acting as a board of appeals and subject to the approval of city council, to "vary the application of the use of the districts established by the Planning and Zoning Code, in harmony with its general purpose" and to grant a permit for the construction of a new building and for the use of the land in a district restricted against such construction and use, when such construction and use "will not be detrimental to or tend to alter or change the character of the neighborhood."  It appears, however, that no application was made by relators for such a variance, relators claiming that "after the denial of the building permts it would have been an idle thing for relators to have appealed to the Planning Commission [by seeking a variance], well knowing that though the action of the Planning Commission would probably be favorable and it would approve a rezoning [*sic*] in each case, Council would deny the rezoning [*sic*] as quickly as it had denied the rezonings and permissive uses previously."

Following trial, the court granted writs of mandamus ordering the issuance to relators of permits to construct gasoline service stations on their respective properties. In its judgment entries the court made no specific finding as to the validity of the ordinances in their application to the properties. However, its decison filed herein states that the zoning ordinances of the city of Marion "as they apply to relators properties are arbitrary and unreasonable and have no relation to the public health, good, safety, or public morals, and that the action of the City Council * * * in refusing to rezone relators properties * * * and to permit the construction on said properties of gasoline and oil service stations was arbitrary and unreasonable and constituted abuse of discretion, and constituted confiscation of said property without due process of law."

Appellants have summarized their assignments of error as involving two issues:

"I. The trial court had no authority to issue the writ of mandamus upon the allegations in relators-appellees petition and the evidence.

"II. The trial court, in issuing the writ of mandamus, was in error in its application of substantive zoning law."

Under the first of these issues, appellants claim that relators should have been denied a writ of mandamus because there was an adequate remedy at law in that relators could have, but did not, seek a variance.

A sound distinction exists in law between the act of zoning, or rezoning, and the act of granting or refusing a variance. *L. & M. Investment Co.* v. *Cutler*, 125 Ohio St. 12, and *In re Appeal of Clements*, 2 Ohio App. 2d 201, including authorities therein cited. The former constitutes a legislative act and the exercise of a broad legislative discretion in adopting an ordinance or law. The latter constitutes an administrative or quasi-judicial act in applying the provisions of an existing ordinance or law and, in such application, the exercise of a discretion limited by the provisons of such legislation including such standards as are set forth therein. It does not, and cannot, follow that the refusal of a city council to exercise its broad legislative discretion in favor of an applicant for rezoning is either conclusive or indicative that it will, or may, refuse to exercise its limited discretion in favor of the same applicant when application is made

for a variance which if approved would accomplish the same end as rezoning would have accomplished had it been approved.

As we view the procedural aspects of these appeals, the issue involved is not so much an issue of adequacy of remedy at law as it is an issue of satisfaction of a condition precedent. As a foundation for relief by way of mandamus, relators' petitions sought a declaration that the zoning ordinances were unconstitutional in their application to the subject premises if used for gasoline service stations, and the court's findings set forth in its decision used phraseology tantamount to a finding of such unconstitutionality of application. The court then used other language tantamount to a finding that the "action of the City Council * * * in refusing to rezone relators properties" was also unconstitutional. As to this latter finding the trial court did, of course, commit error, for although legislation may be held unconstitutional, either in its enactment or in its application, the failure or refusal to adopt *rezoning* legislation does not bring into existence at that time any legislation which may be held unconstitutional. If any unconstitutionality arises from a refusal to *rezone* it is because of the continued existence of previous legislation which may be unconstitutional either in its original enactment or in its present application and not because the act of the legislative body in refusing to repeal or amend such legislation is, in itself, unconstitutional. 16 Corpus Juris Secundum 721, Constitutional Law, Section 151(1) a.

As to the court's former finding that the rezoning ordinances were unconstitutional in their application, such finding may stand only if relators have satisfied all the conditions precedent to the exercise of the trial court's jurisdiction to make such finding. In our opinion, the relators have not done so. In *State, ex rel. Lieux,* v. *Village of Westlake,* 154 Ohio St. 412, the Supreme Court held in the first two paragraphs of the syllabus:

"1. Constitutional questions will not be decided until the necessity for their decision arises.

"2. An applicant for a building permit, whose application is refused because of the provisions of a zoning ordinance, cannot secure a writ of mandamus, compelling the issuance of such permit on the ground that the ordinance as a whole is unconstitutional, without first exhausting administrative remedies pro-

vided by such ordinance if such administrative remedies *might* enable such applicant to secure the permit.'' (Emphasis added.)

In his opinion therein, Judge (now Chief Justice) Taft stated, among other things, p. 415:

''* * * In the instant case, if the relator had followed the administrative remedy provided for in the ordinance, the village Board of Appeals might have given her a special permit. If such special permit were given to relator, then relator would not be prejudiced by the zoning ordinance which she seeks to have declared unconstitutional. Whether it will ever be necessary for this court to consider the constitutionality of this zoning ordinance, in order to determine relator's right to a building permit, cannot be determined until relator has exhausted the administrative remedies provided for by that ordinance. * * *

''Relator argues that the above-quoted provisions of the ordinance, authorizing the Board of Appeals to issue such special permit, are unconstitutional because they involve a delegation of legislative power to the board. * * * However, until the board refuses to issue a special permit to relator, she will not be injured by any unconstitutionality of those provisions. Until then, she will not be in a position to question the constitutional validity of those provisions.''

Nor, should the rule be different in relation to the issue of constitutionality of application of an ordinance, as distinguished from constitutionality of enactment, for the basic rule from which the foregoing arises is that a ''court will not consider constitutional questions if the cause can be disposed of on any other ground.'' *Block* v. *Block,* 165 Ohio St. 365, 378. See, also, *State, ex rel. Foreman,* v. *City Council,* 1 Ohio St. 2d 132. Had variances been sought here by relators, the same *might* have been granted enabling them to obtain building permits for gasoline service stations.

We conclude that the trial court committed error prejudicial to the appellants in proceeding to consider and dispose of the issue of constitutionality of the zoning ordinances in their application to the properties in question. Taking this view of the procedural issue, we need not, and do not, decide whether the trial court committed prejudicial error in its conclusions on the substantive issue of constitutionality of application.

We note in passing that the city clerk had no duty to issue building permits, and was prohibited from doing so, if the building to be erected was for a use contrary to any zoning ordinance. If a variance were obtained the permit was to be granted by the planning commission. Unless the properties were rezoned or the ordinances properly held unconstitutional there was no duty enjoined by law upon the city clerk or upon any of the respondents to issue a building permit and they could not be ordered to do so. *State, ex rel. Iaus,* v. *Carlton,* 168 Ohio St. 279.

For the prejudicial error of the trial court in granting a writ of mandamus before administrative remedies had been exhausted, its judgment is in each case reversed and vacated and final judgment is entered for the respondents-appellants.

*Judgments reversed.*

YOUNGER, P. J., and SMITH, J., concur.

SMITH, J., of the Sixth Appellate District, sitting by designation in the Third Appellate District.