**KETCHEL et al., Appellants,**

v.

**BAINBRIDGE TOWNSHIP et al., Appellees.**

[Cite as *Ketchel v. Bainbridge Twp.* (1992), 79 Ohio App.3d 174.]

Court of Appeals of Ohio,
Geauga County.

No. 89–G–1530.

Decided April 2, 1992.

*Stephen G. Thomas,* for appellants.

*Alan E. Johnson* and *Leo R. Ward,* for appellees.

FORD, Presiding Judge.

Appellants, Gaetana R. Ketchel et al., appeal from a judgment entry dated May 31, 1989, granting summary judgment to appellees, Bainbridge Township et al.

Certain statements contained in the parties' briefs are unsupported by the record. We will indicate such items where appropriate in our analysis.

By way of prologue, there was a previous case, *Ketchel I,* litigated between these parties culminating in a decision by the Ohio Supreme Court. *Ketchel v. Bainbridge Twp.* (1990), 52 Ohio St.3d 239, 557 N.E.2d 779. Essentially, in *Ketchel I,* appellants attempted to have the zoning of their land declared unconstitutional, but failed as the courts found that appellants had not carried their burden of proof.

The present case, *Ketchel II,* commenced with the filing of a complaint on June 30, 1987, in the Geauga County Court of Common Pleas. It was removed to United States District Court, but was remanded on June 14, 1988.

The complaint in *Ketchel II* seeks relief based upon findings of the trial judge in *Ketchel I* as attached to appellants' complaint in *Ketchel II.* Largely, the complaint in *Ketchel II* seeks damages for a taking without just compensation pursuant to the Fifth Amendment to the United States Constitution. Appellants claim that the zoning works an inverse condemnation and, as a result, they are entitled to compensation. Last, appellants assert a claim against various members of the Board of Trustees of Bainbridge Township pursuant to Sections 1983 and 1988, Title 42, U.S. Code.

As previously stated, the claims in *Ketchel II* were founded upon the findings of the trial judge in *Ketchel I.* Specifically, in *Ketchel I,* the trial judge found that it would be economically infeasible to develop the land by subdividing it into seventy-one separate three-acre lots in order to comply with present zoning.

Appellants raise the following assignments of error:

"1. The trial court erred in granting summary judgment against appellants' right to split their declaratory, coercive and damage causes of action.

"2. The trial court erred in holding as a matter of law that appellant's [*sic* ] compensation claim is premature because appellants never applied for a variance.

"3. The trial court erred in finding as a matter of law that appellants have suffered merely a diminution in profits, rather than the loss of all economically viable use of their property.

"4. The trial court erred in failing to hold that the doctrine of changed circumstances, in the form of scientific studies of Bainbridge Township's water resources which were conducted after *Ketchel I* was decided and which demonstrated adequate water for two houses per acre on plaintiffs' lands, applied to the subject case to reopen the issue of whether the township's zoning lacks a logical nexus to the alleged public purpose underlying that zoning.

"5. The trial court erred in failing to allow appellants' motion for leave to amend their complaint to add a claim that the appellees' three-acre minimum lot size zoning was void *ab initio* for not having been adopted pursuant to a comprehensive plan.

"6. The trial court erred in granting summary judgment to the individual trustees where they presented no evidence to support their burden of production in support of their motions for summary judgment."

█ Turning to the first assignment of error, we must decide whether the trial court erred in granting summary judgment against appellants' coercive and damage causes of action based on *res judicata.*

Appellants cite the Restatement of the Law 2d, Judgments (1982), Section 33, Comment *c,* for the proposition that claim preclusion, as a branch of *res judicata,* does not apply where a party files a second action after litigating a claim for simple declaratory relief.

"When a plaintiff seeks solely declaratory relief, the weight of authority does not view him as seeking to enforce a claim against the defendant.  * * *

"* * *

"* * * [A] declaratory action determines only what it actually decides and does not have a claim preclusive effect on other contentions that might have been advanced."  Restatement of the Law 2d, Judgments (1982) 337, Section 33, Comment *c.*

Of paramount importance to the discussion is the exact wording of appellants' complaint in *Ketchel I.*  The complaint from *Ketchel I* is *not* in the record, but the following was gleaned from the brief of appellees in order to shed light on what was prayed for in the complaint in *Ketchel I:*

"G. That *this Court issue an order directed to the Trustees of Bainbridge Township,* that they may within a period of sixty (60) days rezone the Plaintiffs' lands so as to allow Plaintiffs the reasonable use of their property for all of the uses to which other properties within the Township situated north of U.S. Route 422 and west of State Route 300 are now being used or may be used under the present Zoning Resolution.  Further, that *if the Trustees fail to so rezone* Plaintiffs' lands in a constitutionally permissible

manner, within sixty (60) days, *Plaintiffs may use their lands in the manner recommended by the Geauga County Planning Commission;* to wit: as set forth in the Proposed Zoning Amendment attached as Exhibit D to the Complaint as modified by the modification set forth on Exhibit E attached to the Complaint and that *the Court will enjoin* the Township from interfering with such use by Plaintiffs or anyone claiming by, through or under Plaintiffs.

"H.   That the Court grant judgment for *such other and further relief* in the premises *and* make *such other and further declaration of rights* as may be required." (Emphasis added.)

In *Union Oil Co. v. Worthington* (1980), 62 Ohio St.2d 263, 267, 16 O.O.3d 315, 317, 405 N.E.2d 277, 280, the court stated:

"[I]n a declaratory judgment action, upon finding existing zoning unconstitutional as applied to specific real property, the trial court should give notice to the zoning authority that, within a reasonable time certain, it may, at its option, rezone the property.   Further notice should be given that, if the property is not rezoned within such period of time, the court will authorize the property owner to proceed with the proposed use if, on the basis of the evidence before it, the court determines the proposed use to be reasonable. The court may enjoin the property owner from seeking a building permit, establishing a nonconforming use or otherwise changing the *status quo* during the interim.   If necessary, the court may conduct further proceedings, including the hearing of additional evidence, to determine whether the new zoning restrictions may constitutionally proscribe the owner's proposed use.

"In the event the zoning authority either fails to rezone or fails to rezone the property in a constitutionally permissible manner, the court shall examine the reasonableness of the proposed use, and, upon finding that use to be reasonable, enjoin the city from interfering with it."

The prayer in Paragraphs G and H of appellants' complaint is strikingly similar to the language used in *Union Oil, supra,* and does not ask for anything more than what a trial court is permitted to grant in a declaratory judgment action should the court find existing zoning unconstitutional;  therefore, following the Restatement of Judgments 2d, appellants' claim in *Ketchel II* would not be barred by claim preclusion.   However, because the original complaint from *Ketchel I* is not part of the record before this court, the assignment cannot be properly addressed and appellants cannot, therefore, demonstrate this portion of the claimed error under this assignment.

Additionally, claim preclusion is not the only branch of *res judicata* that appellants need to argue.   There is also the need to discuss issue preclusion.

■ In *Ketchel I,* appellants already litigated the issue of whether the zoning denied them the economically viable use of their land; in order to invalidate the zoning on constitutional grounds, appellants had to demonstrate that "the zoning classification denies them the economically viable use of their land without substantially advancing a legitimate interest in the health, safety, or welfare of the community". *Id.,* 52 Ohio St.3d at 243, 557 N.E.2d at 783.

With regard to economic viability, the majority opinion stated:

"[T]he courts below concluded that appellants did not meet their burden of proof because they did not show that *all* possible uses were economically infeasible. We agree. A party challenging a zoning ordinance has, at all stages of the proceedings, the burden of showing the unconstitutionality or unreasonableness of the ordinance." (Emphasis *sic.*) *Id.* at 245, 557 N.E.2d at 785.

This determination precludes appellants from relitigating the issue of economic feasibility based on issue preclusion. 22A American Jurisprudence 2d (1988) 879, Declaratory Judgments, Section 238. To this extent, appellants cannot establish the necessary proof in *Ketchel II* to succeed on a federal taking claim because there they must establish that the zoning deprived them of all use of their property. *First English Evangelical Lutheran Church of Glendale v. Cty. of Los Angeles, California* (1987), 482 U.S. 304, 321, 107 S.Ct. 2378, 2389, 96 L.Ed.2d 250, 267. Accordingly, the first assignment of error is without merit.

The second assignment of error states that the trial court erred in holding as a matter of law that appellants' compensation claims were premature because they never applied for a variance. Both parties agree that a variance was not requested nor was any application for rezoning made. Essentially, the trial judge ruled that appellants had to request an area variance for each lot within their two hundred seventy-one acres prior to bringing their compensation claim.

■ A federal claim for just compensation is premature when filed before administrative remedies are exhausted. *Williamson Cty. Regional Planning Comm. v. Hamilton Bank* (1985), 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126. At issue is whether the zoning board is permitted to grant a variance for all lots within the two hundred seventy-one acres owned by appellants. Appellants contend that the zoning board cannot grant the variance, because of the magnitude that such a request would involve, while appellees argue that the zoning board can grant the variance.

■ Implicit in *Hamilton Bank, supra,* is the notion that some administrative remedy be available. If an administrative remedy does not exist, appellants need not seek it. *Kaufman v. Newburgh Hts.* (1971), 26 Ohio St.2d 217, 55 O.O.2d 462, 271 N.E.2d 280.

In determining whether an administrative remedy was available to appellants, we turn to our recent decision in *Town Investment, Inc. v. Mentor Bd. of Zoning Appeals* (Mar. 29, 1991), Lake App. No. 14–145, unreported, 1991 WL 45673, where we stated that "[t]he act of granting variances across the board to an entire subdivision would amount to a rezoning of the area. It is clear that a zoning board does not have the authority to rezone an area as that power is left to the legislature." *Id.* at 4.

" 'A sound distinction exists in law between the act of zoning, or rezoning, and the act of granting or refusing a variance. * * * The former constitutes a legislative act and the exercise of a broad legislative discretion in adopting an ordinance or law. The latter constitutes an administrative or quasi-judicial act in applying the provisions of an existing ordinance or law and, in such application, the exercise of a discretion limited by the provisions of such legislation including such standards as are set forth therein. * * *' (Citations omitted.)" *Id.* at 4, quoting *State ex rel. Humble Oil & Refining Co. v. Marion* (1965), 4 Ohio App.2d 178, 180, 33 O.O.2d 234, 235, 211 N.E.2d 667, 668.

" ' * * * [T]he distinguishing factor between a variance and an amendment is whether the conditions which create the hardship relate primarily to the particular property for which the variance is desired as distinguished from conditions which create hardships of a similar nature to all property owners in the same area. In the former case, the granting of a variance is proper; in the latter, relief must be by amendment to the zoning law.

" ' * * *

" 'The owner's plight must be due to unique hardships not to those suffered in common by other owners of property in the same area. * * *' (Citations omitted.)" *Id.* at 5, quoting *State ex rel. Killeen Realty Co. v. East Cleveland* (1958), 108 Ohio App. 99, 106–107, 9 O.O.2d 153, 157–158, 153 N.E.2d 177, 182–183.

■ Because in the case at bar the zoning board was without authority to grant a variance for each lot within the two-hundred-seventy-one-acre parcel, appellants were without an administrative remedy. Therefore, requesting a variance was not a prerequisite to bringing their federal taking claim. Appellants' argument is well taken; however, for the reasons previously and hereinafter stated, this assignment is without merit.

■ Turning to the third assignment of error, appellants assert that the trial judge erred in finding as a matter of law that appellants suffered merely a diminution in profits rather than the loss of all economically viable use of their property.

"A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial." *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. It is incumbent upon appellants to establish that appellees were not entitled to summary judgment.

What is at issue in the present case, *Ketchel II*, is whether the rezoning caused appellants a loss sufficient to rise to the level of a taking. In their motion and brief opposing summary judgment, appellants rely on Finding of Fact No. 6 by Judge Inderlied in *Ketchel I*. The finding of fact is as follows:

"Plaintiffs' real property could be subdivided into 71 lots if Plaintiffs were to meet all applicable zining [*sic* ] and Geauga County Planning Commission regulations. Such a subdivision would not be economically feasible."

While appellants have put forth evidence sufficient to establish that the development of three-acre lots is not economically feasible, they have not established that all permitted uses are economically infeasible. Appellants are required to put forth some evidence as prescribed by Civ.R. 56, on any issue for which they bear the burden of production at trial. *Wing, supra.* Because appellants did not put forth evidence on the issue that the zoning caused the land to be economically infeasible for all uses, they have not carried their burden as required by *Wing*. Additionally, appellants are precluded from relitigating this issue, as it was already decided in *Ketchel I*. See discussion concerning appellants' first assignment of error. Accordingly, the third assignment of error is without merit.

■ Turning to the fourth assignment of error, appellants argue that the doctrine of changed circumstances applies because after *Ketchel I* was decided, new scientific studies were conducted which demonstrate adequate water supplies for two houses per acre on appellants' land and that this is sufficient to reopen the subject of whether the township zoning lacks a logical nexus to the public purpose underlying the zoning.

After *Ketchel I*, and during discovery for *Ketchel II*, appellants learned that their land could possibly have a water recharge rate of up to eight hundred to a thousand gallons per acre per day based on a "Banks and Matisoff" study commissioned by the township. The deposition of Mr. Ripke expresses some doubt as to whether this study means that the appellants' land could support more than the minimum three-acre lots.

Appellants cite *State ex rel. Westchester Estates, Inc. v. Bacon* (1980), 61 Ohio St.2d 42, 15 O.O.3d 53, 399 N.E.2d 81, paragraph two of the syllabus, for the proposition that a change in fact bars the application of *res judicata.* In *Bacon, supra,* forty-three acres were to be developed solely with townhouses. Zoning permits were obtained but not used within one year as required. Upon reapplication, Westchester's request was denied. Westchester appealed. The court of appeals reversed the trial court, finding the denial of the variance was arbitrary and capricious.

Subsequent to the court of appeals' decision, Westchester altered its plans for the forty-three acres in a way that called for twenty-eight acres of single family housing and fourteen acres of townhouses. The zoning board refused to issue permits based on this change.

Westchester then filed a writ of mandamus in the court of common pleas to compel the issuance of zoning certificates, contending that the judgment of the earlier court of appeals case was *res judicata* and entitled it to the certificates.

The common pleas court as well as the court of appeals concluded that the earlier case was *res judicata,* requiring the issuance of zoning certificates. On appeal, the Supreme Court of Ohio held:

"Where there has been a change in the facts since a decision was rendered in an action, which either raises a new material issue or which would have been relevant to the resolution of a material issue involved in the earlier action, neither the doctrine of *res judicata* nor the doctrine of collateral estoppel will bar litigation of that issue in a later action." *Id.* at paragraph two of the syllabus.

Appellants liken their situation to the case in *Bacon, supra.* We determine that appellants' situation is distinguishable. In *Bacon, supra,* there was a true change in facts. In *Ketchel II,* appellants merely demonstrate that they have new evidence. In order for *Bacon, supra,* to apply, appellants have to demonstrate that, prior to *Ketchel I,* the land did not recharge at the rate that it presently does. Accordingly, the fourth assignment of error is without merit.

■ Turning to the fifth assignment of error, appellants claim that the trial court erred in failing to allow appellants to amend their complaint to add a claim that appellees have not adopted a comprehensive plan. Essentially, appellants argue that because there is nothing in the minutes of the trustee meetings indicating that the trustees independently adopted a comprehensive plan, the current zoning resolution is invalid.

R.C. 519.02 states in pertinent part:

"[T]he board of township trustees may in accordance with a comprehensive plan regulate * * * the uses of land for trade, industry, residence, recreation, or other purposes * * *."

The statute does not require that the comprehensive plan be independently adopted, and there is no case law supporting this proposition. Accordingly, the fifth assignment of error is without merit.

Turning to the sixth assignment of error, we conclude that the assignment is predicated upon the success of appellants' fifth assignment of error. Appellants assert that certain members of the township trustees are subject to individual liability for the reason that the present zoning scheme was not adopted pursuant to a comprehensive plan because a comprehensive plan was never independently adopted. Based on the analysis set forth concerning appellants' fifth assignment of error, the premise of appellants' sixth assignment of error is false. Accordingly, the sixth assignment of error is without merit.

Based on the foregoing, the judgment of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY and JOSEPH E. MAHONEY, JJ., concur.