OPINION
Appellant, Thomas Stanich, d.b.a. Chez Fitness, appeals the judgment entry of the Lake County Court of Common Pleas granting the summary judgment motion of appellee, Marous/Church, LLC.
Appellee and appellant entered into a one-year lease agreement on February 22, 1999, providing appellant with the use and enjoyment of two thousand square feet of commercial space in a shopping center to be used for an aerobic studio. Appellee received complaints regarding noise and notified appellant. On April 28, 1999, appellee sent appellant a three-day notice to leave the premises. Then, on May 12, 1999, appellee filed a forcible entry and detainer complaint with the Willoughby Municipal Court. On May 28, 1999, appellant filed an answer and counterclaim for breaching the covenant of quiet enjoyment. In a magistrate's decision dated June 3, 1999, the magistrate granted appellee restitution of the premises since appellant violated a critical term of the lease agreement. The trial court adopted the decision on June 7, 1999. On June 26, 1999, appellee filed a precipe for a writ of execution, but on August 20, 1999, appellee withdrew the precipe because appellant voluntarily vacated the premises.
On August 24, 1999, appellant filed an amended answer and counterclaim with the consent of appellee's attorney. Appellant pled that appellee breached the express and implied covenants of quiet enjoyment and the terms of the written lease agreement. In an entry dated August 30, 1999, the Willoughby Municipal Court found that it lacked jurisdiction to hear the matter as appellant's claim exceeded $15,000, and certified the matter to the Lake County Court of Common Pleas pursuant to Civ.R. 13(J).
Appellee moved for summary judgment on June 26, 2000. On July 7, 2000, appellant filed a brief in opposition to appellee's motion. In an entry dated October 12, 2000, the trial court granted summary judgment in favor of appellee. Appellant timely filed the instant appeal and now asserts the following as error:
 "The trial court erred to the prejudice of [appellant] when it granted [appellee's] motion for summary judgment when genuine issues of material fact remained to be decided."
 In his lone assignment, appellant claims that the trial court erred in granting appellee's summary judgment motion, as there were still genuine issues of material fact.
Summary judgment is appropriate only when it has been established that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C).
Appellate courts review a trial court's granting of summary judgment denovo. Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704,711. The Brown court stated that "*** we review the judgmentindependently and without deference to the trial court's determination."Id. An appellate court must evaluate the record "in a light mostfavorable to the nonmoving party." Link v. Leadworks Corp. (1992),79 Ohio App.3d 735, 741. Furthermore, a motion for summary judgment mustbe overruled if reasonable minds could find for the party opposing themotion. Id.
 Here, appellant argues that appellee breached his right to possessionby initiating the eviction process. Appellant explains that appelleebreached the express and implied covenants of quiet enjoyment and theterms of the lease agreement by serving him with the three-day notice.Further, appellant claims that the representation appellee made to himwas false because appellee knew, at the time that the lease agreement wassigned, that due to the structure of the building and the nature of thebusinesses of the adjoining tenants, that the use of an aerobic studiowould cause annoyance to the other tenants.
 R.C. 1923.03 governs forcible entry and detainer actions and states:"[j]udgments under this chapter are not a bar to a later action broughtby either party." Thus, a judgment in a forcible entry and detaineraction does not bar a later action between the same parties arising outof the same subject matter. Great Lakes Mall, Inc. v. Deli Table (Sept.16, 1994), Lake App. No. 93-L-154, unreported, 1994 WL 587559, at 2.Yet, a forcible entry and detainer action bars relitigation of issuesthat were actually and necessarily decided in the former action.Whitehead v. Gen. Tel. Co. (1969), 20 Ohio St.2d 108, 112; Ketchel v.Bainbridge Twp. (1992), 79 Ohio App.3d 174, 177-179.
 In the instant matter, the Willoughby Municipal Court held a trial onthe forcible entry and detainer action on June 1, 1999. In a decisiondated June 3, 1999, which the trial court adopted, the magistratedetermined that appellant violated a specific term in the lease agreementbecause he failed to use the premises in a way that was not a nuisance,annoyance, or offensive to the other tenants. Specifically, the courtfound that appellant habitually played music on the premises so loud thatfour tenants complained to appellee about the disturbance, and despitenumerous attempts to abate the noise, the noise nuisance continued.
 In the counterclaim, appellant asserts three claims based on thewrongful filing by appellee of the complaint in forcible entry anddetainer. Appellant claims that by filing the complaint appellee: (1)intentionally breached the express covenant of quiet enjoyment; (2)intentionally breached the implied covenant of quiet enjoyment; and (3)intentionally breached the terms of the lease agreement. However, it isour view that the municipal court had already actually and necessarilydetermined that appellant violated the terms in the lease agreement bycreating a nuisance that caused a breach of a condition of the lease, andthus, created a basis for the forcible entry and detainer action.Therefore, it is implicit that the municipal court, in its issuance ofthe writ of restitution in favor of appellee, had concluded that appelleehad not breached the covenant of quiet enjoyment. Since we conclude thatthese three counts in appellant's counterclaim were already decided inthe former action, they are barred by res judicata.
 Moreover, in the counterclaim, appellant claims that appellee mademisrepresentations to him. Because this issue was not already decided,we will address it. Appellee submitted the deposition testimony ofappellant along with its motion for summary judgment. In the deposition,the following exchange took place between appellee's attorney andappellant:
 "Q. Was there anything that [appellee's agent] told you about this space in this process, other than, you know, how much it was going to cost per square foot and that she needed to know the nature of the business in order to plug that language into the lease to generate a written document for you?
 "A. No.
 "***
 "Q. What, if any, other discussions were had other than [appellee's agent] show[ed] you the space, told you how much it was per square foot, you then told her, after you had already decided you were going to lease the space, what the nature of the business was, she plugged that language into the form document and gave it to you?
 "A. Right.
 "***
 "Q. Okay. So there was no further discussion or representations by either you or [appellee's agent] about this space or about the business or about anything else."
 "***
 "A. No."
 Based on the foregoing exchange, it is our view that appellant admitted, in his deposition, that no representations relating to the covenant of quiet enjoyment were made to him about the space he was renting. Furthermore, after reviewing the written lease agreement signed by both of the parties, there was a clause labeled "Condition of the Premises" which states that "[u]pon occupancy, [appellant] acknowledges that [appellee] has made no representations or warranties concerning the condition of the [premises] or concerning its fitness for [appellant's] purposes." This clause also demonstrates that there were no improper representations made to appellant by appellee.
 Hence, we conclude that appellee has met its burden of proving that nogenuine issue of material fact exists as to the issue ofmisrepresentation. However, appellant has failed to set forth anyevidence to show that there was any misrepresentation on appellee'spart. Thus, summary judgment was properly granted.
 For the foregoing reasons, appellant's lone assignment is notwell-taken. The judgment of the Lake County Court of Common Pleas isaffirmed.
PRESIDING JUDGE DONALD R. FORD, NADER, J., GRENDELL, J., concur.