OPINION
Appellant, Midwest Fireworks Manufacturing Company, Inc. ("Midwest"), a corporation controlled by Larry Lomaz ("Lomaz"), operates a fireworks factory on eighty-six acres of property in Deerfield Township, Ohio ("Deerfield Property"). Midwest and its predecessors have occupied the Deerfield Property since the early 1970's. In 1979, the Deerfield Township Board of Trustees enacted the Deerfield Zoning Regulations ("DZR"), which zoned the Deerfield Property as residential. Since that time, Midwest has continued operating its fireworks factory on the Deerfield Property as a valid, nonconforming use.
In June 1982, an explosion and resulting fire destroyed two buildings, having a combined area of 1,536 feet, on the Deerfield Property. Midwest continued its operations on the Deerfield Property, but did not reconstruct either of the lost buildings. In a separate case, Midwest was charged with violating the DZR. With regard to that case, a settlement agreement ("Settlement Agreement") was reached between Deerfield and the Trustees of Deerfield Township, on April 10, 1997. The Settlement Agreement was a conditional agreement and provided that Lomaz would apply for the Deerfield Property to be zoned industrial. If the township voted to rezone the Deerfield Property, then the parties would perform according to the specific terms of the agreement. The township, however, did not decide to rezone.
Also in 1997, fifteen years after the fire, Midwest applied for a zoning certificate to replace the two buildings, with a new 7,200 square foot structure. On October 8, 1997, a Deerfield Township zoning inspector granted the certificate relying, in part, on Lomaz's misrepresentations as to the area of the buildings lost in the fire.
Jesse Carver ("Carver"), who owns and lives on property directly across State Route 224 from the Deerfield Property, appealed the issuance of the certificate to the Deerfield Township Board of Zoning Appeals ("BZA"), appellee. As a result of Carver's appeal, the BZA conducted two hearings in 1998. Carver and Lomaz testified at the first hearing, on February 11. Carver also testified at the second hearing, on February 21, however, Lomaz did not.
Following the hearings, the BZA ruled in Carver's favor and adopted a resolution revoking Midwest's zoning certificate. In response, Midwest filed an administrative appeal with the Portage County Court of Common Pleas. After a hearing, the trial court affirmed the decision of the BZA. Midwest appealed from the trial court's decision, presenting the following assignment of error for our review, containing four issues:
 "The trial court committed reversible error when it affirmed a decision of the BZA revoking an issued zoning permit.
 "[1.] Did the township board of zoning appeals lack jurisdiction pursuant to R.C. 519.14 to hear and determine an appeal from a grant of a zoning permit?
 "[2.] When a statute directs that notice of appeal be filed within a certain time with the officer from whom the appeal is taken and with a board of zoning appeals, is filing with only the township clerk sufficient?
 "[3.] Must the record of an administrative appeal or at least the record on further appeal in trial court show that an administrative appeal has been taken by `a person aggrieved?'
 "[4.] Must a board of zoning appeals decision be vacated where: a) the decision is unconstitutional; b) the decision is arbitrary, capricious, and unreasonable; or c) the decision is not supported by a preponderance of substantial, reliable, and probative evidence?"
 In Midwest Fireworks, Mfg. Co., Inc. v Deerfield Township Board of Zoning Appeals (Dec. 17, 1999), Portage App. No 98-P-0131, unreported, 1999 WL 1297602, we addressed Midwest's issues, holding as follows: the BZA has jurisdiction to review a zoning inspector's decision to grant a certificate, thus, Midwest's first issue lacked merit; it was sufficient for Carver to file an appeal, along with a check, with the township clerk, who held herself out as a person with authority, thus Midwest's second issue was without merit; Carver was not "a person aggrieved" and, therefore, lacked standing to appeal the decision of the BZA, thus Midwest's third issue had merit; and, its fourth issue was moot.
Carver appealed our resolution of Midwest's third issue to the Ohio Supreme Court, seeking a reversal of this court's decision that he was not a "person aggrieved" and, therefore, lacked standing to appeal the decision of the BZA; the sole issue before the Supreme Court was Midwest's third issue. The Supreme Court reversed the judgment of this court and remanded the case for consideration on its merits. MidwestFireworks, Mfg. Co., Inc. v Deerfield Township Board of Zoning Appeals
(2001), 91 Ohio St.3d 174 . Based on the foregoing, on remand, the sole issue before this court is Midwest's fourth issue.
In its fourth issue presented to this court, Midwest asserts the following: Deerfield's zoning resolution is unconstitutional because it is not supported by a comprehensive plan, as required by R.C. 519.02; the parties executed the Settlement Agreement, therefore, its property should be zoned as an industrial district; and, the trial court's decision is unconstitutional and illegal because the decisions of the BZA and trial court are not supported by a preponderance of substantial, reliable, and probative evidence.
An appellate court's review in an R.C. 2506.04 appeal is limited to questions of law. Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34. Thus, a court of appeals is required to affirm the decision of the court of common pleas unless it finds, as a matter of law, that the decision is not supported by a "preponderance of reliable, probative and substantial evidence." Id. "Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." Henley v. City of Youngstown Bd. of ZoningAppeals (2001), 90 Ohio St.3d 142, 147, quoting Lorain City School Dist.Bd. of Den. v. State Emp. Relations Bd. (1988), 40 Ohio St. 257, 261.
At the outset, we conclude that Midwest exceeded the two-year statute of limitations set forth in R.C. 519.122 for challenging the procedure utilized in adopting and amending zoning ordinances. See e.g. Love v.Muskingum Township Trustees (Dec. 22, 1992), Washington App. No. 91 CA 33, unreported, 1992 Ohio App. LEXIS 6530, at *6-7. However, we will address the merits of Midwest's fourth issue.
In its fourth issue, Midwest argues that absent proof of proper enactment of DZR Section 601.20 ("601.20"), which provides that a nonconforming use may be extended one time and by no more than twenty percent, the DZR fails to allow for expansion of a nonconforming use and, thus, is unenforceable because it does not constitute a comprehensive plan, at least as to Midwest. In the alternative, Midwest argues, if 601.20 were enacted, it contains insufficient criteria to guide a zoning inspector or the zoning board in its administration.
This court examined this issue in Deerfield Twp. Trustees v. BuckeyeFireworks Novelty Co. (Feb. 20, 1987), Portage App. No. 1599, unreported, 1987 Ohio App. LEXIS 5901, wherein we held that Deerfield Township's twenty-percent extension of a nonconforming use, as set forth in 601.20, was a reasonable extension and comported with the requirements of R.C. 519.19. Id. at *7, 8. Clearly, in this court's view, 601.20 has been properly enacted. Thus, appellant's arguments must fail.
Further, "a zoning regulation is presumed to be constitutional unless determined by a court to be clearly arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community. The burden of proof remains with the party challenging an ordinance's constitutionality, and the standard of proof remains `beyond fair debate.'" Goldberg Cos., Inc. v. Richmond Hts.City Council (1998), 81 Ohio St.3d 207, 214.
This court has previously held that R.C. 519.02 "does not require that the comprehensive plan be independently adopted, and there is no case law supporting this proposition." Ketchel v. Bainbridge Township (1992),79 Ohio App.3d 174, 183. Upon review, we conclude that Midwest's argument that the DZR does not contain a valid comprehensive plan is untenable. For the following reasons, we conclude that the DZR bears a "substantial relation to the public health, safety, morals and general welfare." Id. The DZR sets forth, among other things, the purpose of the district regulations. It also enumerates the permitted and conditionally permitted uses. In addition, the township clerk maintains the "Zoning Districts Map of Deerfield Township," which indicates the districts or zones and their boundaries. Thus, the DZR contains a comprehensive plan; Midwest's argument lacks merit.
Next, Midwest argues that the BZA should be bound by the Settlement Agreement, which was executed by the Trustees of Deerfield Township, not the BZA. The Settlement Agreement provides:
 "[Midwest] shall apply in a timely fashion for a zoning amendment which would cause Defendant's property to be zoned "industrial" under the Deerfield Township Zoning Regulations. Should [Midwest's] application be ruled upon favorably by Deerfield Township, then: * * * [emphasis added].
 The trial court properly found that "such settlement was conditioned on Midwest obtaining a change in zoning of his property and such condition was never met." As a court of review in a R.C. 2506.04 appeal, we are limited to questions of law, thus, we must defer to the trial court's determination of this factual issue. Further, the Settlement Agreement was tentative and did not require that the Deerfield Township Board of Trustees vote to zone the Deerfield Property as industrial. Thus, Midwest's argument lacks merit.
Upon review, we conclude that the decisions of the BZA and trial court are supported by a preponderance of substantial, reliable, and probative evidence demonstrating that Midwest's new building is over four times the size of the original nonconforming buildings, in violation of the DZR, Sections 601.10, 601.20, and 601.60. Sections 601.10, 601.20 and 601.60 of the DZR, respectively provide as follows:
 "A nonconforming building or structure may be altered, improved, reconstructed or substituted, but not enlarged or extended more that twenty percent (20%), one time only, provided however, that such alteration, improvement, reconstruction, substitution or extension does not exceed fifty percent (50%) of the value of the original nonconforming building or structure. * * *."
 "A nonconforming use shall not be extended more than twenty percent (20%), one time only. * * *."
 "* * * Said nonconforming building or structure may be rebuilt or restored provided the area is not increased or extended."
 The evidence before the BZA established that Midwest's new building is four times the size of the original nonconforming buildings, which were lost in the 1982 fire. This increase clearly exceeds the twenty-percent set forth in the DZR. Thus, Midwest's fourth issue is without merit.
In summation, Midwest's first and second issues lack merit, MidwestFireworks Mfg. Co., Inc. v Deerfield Township Board of Zoning Appeals
(Dec. 17, 1999), Portage App. No 98-P-0131, unreported, 1999 WL 1297602; its third issue lacks merit, Midwest Fireworks, Mfg. Co., Inc. vDeerfield Township Board of Zoning Appeals (2001), 91 Ohio St.3d 174; and, its fourth issue lacks merit.
Based on the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed.
O'NEILL, P.J., FORD, J., concur.