OPINION
{¶ 1} This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellants, Brady Area Residents Association, appeal from a final judgment of the Portage County Court of Common Pleas affirming the grants of eight area variances by appellee, Franklin Township Zoning Board of Appeals ("BZA").
 {¶ 2} The record discloses the following facts. On April 10, 1990, Community and Economic Development Corporation ("CEDC") took deed to an allotment of land, which it later named the Crescent Woods Allotment. CEDC prepared a plat for this allotment and applied for 70 area variances in order to comply with existing zoning regulations.
 {¶ 3} BZA approved these variances, and its decision was affirmed by the Portage County Court of Common Pleas. However, on appeal, in BradyArea Residents Ass'n v. Franklin Twp. Zoning Bd. of Appeals (Dec. 11, 1992), 11th Dist. No. 92-P-0034, 1992 Ohio App. LEXIS 6216, this court determined that variances were not valid because they effectively rezoned the land.
 {¶ 4} In accordance with our decision, CEDC requested a rezoning of the Crescent Woods allotment which BZA approved on March 13, 1996. Subsequently, the Township Trustees over-ruled BZA's approval to rezone the allotment. On October 15, 1996, CEDC filed an administrative appeal, case No. 96 CV 0891, and a civil complaint, case No. 96 CV 1040, from the Trustees' decision. As a result of these actions, a settlement agreement was filed in case No. 96 CV 1040, and the civil complaint was dismissed. The trial court signed an order approving the settlement agreement which would allow the area to be rezoned and platted.
 {¶ 5} The settlement agreement was conditioned upon CEDC obtaining eight separate variances from the minimum front yard depth requirement of the Franklin Township Zoning Resolution § 404.4(A). On May 19, 1997, BZA heard the eight applications requesting variances and granted all of them.
 {¶ 6} On June 18, 1997, appellants filed a notice of administrative appeal in the Portage County Court of Common Pleas. Ultimately, the trial court found that BZA's granting of the variances was supported by substantial and probative evidence and was otherwise lawful. Consequently, the trial court entered a decision and journal entry on May 6, 2002, affirming BZA's decision to grant the variances.
 {¶ 7} From this judgment, appellants filed a notice of appeal with this court, advancing three assignments of error for our consideration:
 {¶ 8} "[1] The Trial Court Erred In Accepting A Plat As Valid That Had Already Been Found By This Court To Be Invalid. [Brady Area ResidentsAss'n V. Franklin Twp. Zoning Board Of Appeals, (Dec. 11, 1992) Portage App. No. 92-P-0034, Unreported]
 {¶ 9} "[2] The Trial Court Erred In That Its Decision Resulted In A Rezoning Directly In Violation Of Extant Law And This Court's Decision. [Brady Area Residents Ass'n v. Franklin Twp. Zoning Board OfAppeals, (Dec. 11, 1992) Portage App. No. 92-P-0034, Unreported]
 {¶ 10} "[3] The Trial Court Erred In Not Recoginizing [sic] Appellee's Reliance On Clear Misinterpretations Of Its Decision In Cedcorp v. Franklin Township Trustees, Portage County Common Pleas.
 {¶ 11} Prior to resolving appellants' assignments of error, it is necessary to lay out the proper standard of review for an administrative appeal. The parameters of the trial court's reviewing function of an administrative appeal are set forth in R.C. 2506.04. The statute provides:
 {¶ 12} "The [trial] court may find that the order, adjudication or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."
 {¶ 13} In resolving evidentiary conflicts, the trial court is required to give deference to the agency's resolutions. Akwen, Ltd. v.Ravenna Zoning Bd. of Appeals (Mar. 29, 2002), 11th Dist. No. 2001-P-0029, 2002 Ohio App. LEXIS 1494, at 8, citing Univ. of Cincinnativ. Conrad (1980), 63 Ohio St.2d 108, 111. Consequently, the trial court may not substitute its judgment for that of the agency, especially in areas of administrative expertise. Akwen, Ltd. at 9. More specifically, when reviewing a board of zoning appeals decision to grant a variance, there is a presumption that its determination is valid. C. MillerChevrolet, Inc. v. Willoughby Hills (1974), 38 Ohio St.2d 298, 302. The burden of demonstrating that the decision was erroneous is placed upon the party contending the decision. Id.
 {¶ 14} The scope of review for an appellate court is more limited. Akwen, Ltd. at 9. To affirm the decision of the trial court, the appellate court must find that, as a matter of law, it was supported by a preponderance of substantial, reliable and probative evidence. Id. Unlike the trial court, which has the ability to weigh the evidence, an appellate court is limited to reviewing the judgment of the trial court strictly on questions of law. Battaglia v. Newbury Twp. Bd. of ZoningAppeals (Dec. 8, 2000), 11th Dist. No. 99-G-2256, 2000 Ohio App. LEXIS 5755, at 7.
 {¶ 15} With the foregoing standards of review in place, we now turn our attention to appellants' assignments of error. In their first assignment of error, appellants argue that the trial court erred in accepting a plat which previously had been declared invalid by our decision in Brady. They assert that the settlement agreement followingBrady, which established the existing plat, was never properly accepted or filed and was essentially the same as the previous plat. As a result, the variances granted on the plat by BZA, and subsequently affirmed by the trial court, were void.
 {¶ 16} BZA's powers as a board of zoning appeals are expressly stated in R.C. 519.14. This section authorizes a board of zoning appeals to hear and decide appeals of a determination made by an administrative official enforcing sections 519.02 to 519.25, approve variances, grant conditional zoning certificates, and revoke an authorized variance or conditional zoning certificate. R.C. 519.14.
 {¶ 17} Absent from this section are the powers to declare a plat valid or invalid. Instead, pursuant to R.C. 711.05, the authority to validate a proposed plat, which is located outside of a municipal corporation, is reserved for a board of county commissioners. Moreover, the approval of a plat is the functional equivalent of legislative zoning. State ex. rel. Crossman Communities of Ohio, Inc. v. Greene Cty.Bd. of Elections (1999), 87 Ohio St.3d 132, 137. As an administrative agency, a board of zoning appeals "does not have the authority to rezone an area as that power is left to the legislature." Town Invest., Inc. v.Mentor Bd. of Zoning Appeals (Mar. 29, 1991), 11th Dist. No. 89-L-14-145, 1991 Ohio App. LEXIS 1491, at 4.
 {¶ 18} Appellants erroneously argue that it was BZA's duty to declare the plat invalid and void the variances. Furthermore, they incorrectly conclude it was error by the trial court to affirm this action. Under R.C. 519.14, BZA was not authorized to validate or invalidate a plat, and as an administrative agency they had no legislative power to do so. Town Invest., Inc., supra. Appropriately, the trial court limited its review and determined that the variances were properly granted.
 {¶ 19} The sole basis of this appeal is BZA's decision to grant the variances. Therefore, the scope of our review should be limited accordingly. As to this appeal, it is irrelevant whether the plat was properly accepted or filed. Appellants have failed to set forth a question of law within the scope of our review. Thus, appellants' first assignment of error is meritless.
 {¶ 20} In their second assignment of error, appellants argue that the trial court's decision resulted in a rezoning which violated extant law and this court's decision in Brady. Appellants contend that BZA circumvented our decision in Brady by creating a "subterfuge of technicalities" to give the appearance that this was a variance issue rather than a rezoning issue. They reason that BZA is attempting to rezone the property without going through the proper zoning procedures.
 {¶ 21} In Brady, we concluded that CEDC's request for 75 variances amounted to a rezoning and was not the appropriate mechanism to implement any of the proposed modifications. Id. at 8. Relying upon Town Invest.,Inc., we determined that granting variances across the board to entire subdivisions would amount to a rezoning of the area. Id. at 7. Therefore, the appropriate mechanism for CEDC to modify the area would be through a zoning amendment. Id. at 8.
 {¶ 22} Following Brady, BZA approved a rezoning request by CEDC. Subsequently, the Township Trustees over-ruled this approval. On October 15, 1996, CEDC filed an administrative appeal and civil complaint to this judgment in the Portage County Court of Common Pleas. As a result, a settlement agreement establishing a plat for Crescent Woods was entered into on March 6, 1997. The establishment of the plat was conditioned upon CEDC obtaining eight separate variances which were required to comply with the township's zoning resolution. These variances were granted and are the foundation of this appeal.
 {¶ 23} The case at hand is distinguishable from our previous decision in Brady. Here, BZA granted only eight separate variances to an allotment consisting of twenty-nine lots. This does not resemble an across the board grant of variances which would result in a rezoning. But c.f., Town Invest., Inc.; Brady; Ketchel v. Bainbridge Twp. (Apr. 2, 1992), 11th Dist. No. 89-G-1530, 79 Ohio App.3d 174. To the contrary, consistent with our opinion in Brady, CEDC had applied for a rezoning of the land and was attempting to comply with already existing zoning resolutions through a minimal amount of variances. Therefore, appellants' second assignment of error is without merit.
 {¶ 24} In their third assignment of error, appellants contend that the trial court erred in not recognizing BZA's misinterpretations of its decision in CedCorp. v. Franklin Township Trustees, case No. 96 CV 1040. While difficult to comprehend, appellants' argument seems to be based upon the order approving the settlement agreement entered into between CEDC and the township trustees. They argue that BZA mistakenly based its decision to grant the variances upon the belief that it was required to do so by the order.
 {¶ 25} In effect, appellants request that we review the minutes of BZA's meeting and determine that the evidence demonstrates BZA mistakenly granted the eight variances arbitrarily. As discussed previously, our review of this proceeding is limited strictly to questions of law.Battaglia, supra. Unlike the trial court, we do not have the authority to weigh the evidence and make a factual determination as to whether BZA properly granted the variance. Battaglia, supra. However, to affirm the decision of the trial court we must find that, as a matter of law, its judgment was supported by a preponderance of substantial, reliable and probative evidence. Akwen Ltd., supra. This allows us to review the underlying evidence to determine whether the trial court arbitrarily issued its judgment.
 {¶ 26} Despite our limited scope of review, it is clear that the trial court did not arbitrarily issue its judgment in favor of BZA. In its judgment entry, the trial court explained that appellants failed to set forth "substantive evidence or authority" that BZA misinterpreted the order approving the settlement agreement. A review of the minutes of its meeting demonstrates that BZA discussed each variance and, upon applying the appropriate law, decided that each should be granted. Such evidence contradicts appellants theory that BZA misinterpreted the order approving the settlement agreement as a requiring the variances approval. Furthermore, there is no evidence establishing that there was a misinterpretation by BZA. Therefore, the trial court's judgment was supported by a preponderance of substantial, reliable and probative evidence and appellants' third assignment of error is without merit.
 {¶ 27} Based on the foregoing analysis, appellants' three assignments of error are without merit, and the judgment of the trial court is affirmed.
Judgment affirmed.
WILLIAM M. O'NEILL and DIANE V. GRENDELL, JJ., concur.